United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TONY GIOVANNI JOSEPH,

    Plaintiff,

v.

LAURA S. ROBINSON; UNITED STATES OF AMERICA,

    Defendants.

No. C 14-3779 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a federal prisoner serving a sentence for a conviction obtained in the Northern District of California. The case was transferred here from the United States District Court for the Eastern District of North Carolina, where plaintiff is incarcerated and originally filed this complaint. For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims defendants, the United States of America and Laura S. Robinson, the Federal Public Defender who represented him in his criminal proceedings, violated his constitutional rights by providing ineffective assistance of counsel in his criminal proceedings, imprisoning him unlawfully, conducting a custodial interrogation, and failing to provide him with due process. He seeks money damages.

Plaintiff concedes that defendants are not acting under state law, which makes 42 U.S.C. 1983 the wrong avenue for relief. Claims for civil rights violations against the federal government and federal government actors, such as the defendants here, are cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Accordingly, plaintiff's claims will be considered under *Bivens*, not under 42 U.S.C. 1983.

2

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). The rationale and conclusion of *Heck* apply in cases brought under *Bivens*. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). Plaintiff's claims, if proven true, would render his conviction and sentence invalid. Therefore, under *Heck*, plaintiff cannot bring his claims until and unless he can show that his conviction has been overturned or otherwise called into question. Accordingly, the complaint will be dismissed without prejudice. *See Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997) (civil claims barred by *Heck* do not accrue until after plaintiff has succeeded in the criminal realm).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 28, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE